IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES of AMERICA,

v.                                                          Criminal No. 4:16cr16

EDWARD JOSEPH MATISH, III,

Defendant.

OPINION & ORDER

This matter is before the Court on Defendant Edward Matish, III's ("Defendant" or "Matish") Motion to Dismiss Counts 5-8 of the Superseding Indictment, Doc. 35.

On February 8, 2016, Defendant was named in a four (4) count criminal indictment charging him with access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5) and (b)(2).  Doc. 1.  The Government filed an eight (8) count superseding indictment on April 6, 2016, charging Defendant with access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5) and (b)(2) (Counts One through Four), and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (Counts Five through Eight).  Doc. 26.  The four new counts in the superseding indictment each contain a mandatory minimum of five years' imprisonment; there was no mandatory minimum under the original indictment.

In this Motion, Defendant "moves this Court for an order dismissing Counts 5–8 of the superseding indictment for vindictive prosecution in violation of the Fifth Amendment's Due Process Clause."  Doc. 35 at 1.  The Court held a hearing to address this Motion on May 26, 2016.  For the reasons stated herein, the Court **DENIES** Defendant's Motion.

## I.   <u>Factual Background</u>

On March 10, 2016, the government extended a "non-binding" plea offer to Defendant. Doc. 35 at 2, Ex. A; Doc. 54 at 3. This letter allowed Defendant to plead guilty to Count One of the indictment, and it set a deadline for accepting the plea of March 18, 2016. Doc. 35, Ex. A. The letter additionally noted that if Defendant did not accept, the Government "reserve[d] the right to return to the Grand Jury to pursue any and all additional appropriate charges based on [Mr. Matish's] conduct." Id. On March 12, 2016, defense counsel informed the Government of his intention to file a notice of insanity defense; however, he did not mention any other possible pretrial motions at that time. Doc. 54 at 4. In order to allow Defendant time to undergo a mental health evaluation, the Government extended the plea offer deadline to March 23, 2016. Doc. 35 at 2; Doc. 54 at 4.

Defendant filed his first two motions to suppress on March 17, 2016, Docs. 18, 19. The First Motion challenges the warrant that authorized the Government to install a Network Investigative Technique ("NIT") on Defendant's computer. See Doc. 18. After filing the motions to suppress, defense counsel discussed plea arrangements with the Government. Doc. 35 at 3; Doc. 54 at 5. Mr. Matish offered to plead guilty to every count in the indictment, but he wished to litigate his First Motion as well. Doc. 35 at 3; Doc. 54 at 5. The parties extended the plea offer deadline to March 24, 2016. Doc. 54 at 6.

On March 24, 2016, the Government declined Defendant's offer, noting that "she could not agree to indefinitely extend the outstanding plea offer pending the outcome of future litigation of [the] suppression motion." Doc. 54 at 6, Ex. 2. Defense counsel then proposed that Defendant enter a conditional plea of guilty, which would depend on the outcome of his First

Motion to Suppress. Doc. 54 at 6, Ex. 3. The Government declined. Doc. 54 at 6, Ex. 4. At this point, the Government extended the deadline to March 25, 2016.

After the Government did not explain to defense counsel why she rejected his conditional plea counteroffer, the Government confirmed that the plea offer had been withdrawn on March 29, 2016. Doc. 54 at 7, Ex. 6. The Government responded to Defendant's first two motions to suppress on April 4, 2016. Docs. 24, 25. The Grand Jury returned an eight-count superseding indictment on April 6, 2016. Doc. 26.

## II.  Legal Standards

Courts recognize that a prosecutor acts vindictively and "violates the Due Process Clause of the Fifth Amendment by exacting a price for a defendant's exercise of a clearly established right or by punishing the defendant for doing what the law plainly entitles him to do." United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001) (citing United States v. Goodwin, 457 U.S. 368, 372 (1982)). Indeed, to "punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" Goodwin, 457 U.S. at 372 (quoting Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978)). A defendant either can allege that a prosecutor acted with actual vindictiveness or that circumstances exist from which an improper vindictive motive may be presumed. Wilson, 262 F.3d at 314. In order to establish actual prosecutorial vindictiveness, "a defendant must show, through objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." Id. at 314. To invoke a presumption of vindictiveness, "a defendant must show that the circumstances 'pose a realistic likelihood of vindictiveness.'" Id. (quoting Blackledge v. Perry, 417 U.S. 21, 27 (1974)). A defendant can rely on circumstances surrounding the initiation of the prosecution and need not provide direct

evidence of an actual retaliatory motive when alleging that the presumption of vindictiveness applies to his case. Id. at 317. The Fourth Circuit has noted that "such a presumption is warranted only when circumstances warrant it for all cases of the type presented." Wilson, 262 F.3d at 315. Hence, since "the presumption of vindictiveness must be applicable to all cases presenting the same circumstances, it will rarely, if ever, be applied to prosecutors' pretrial decisions." Id. The Fourth Circuit stresses that prosecutors' initial charging decisions "should not freeze future conduct." Id. If the defendant establishes a presumption of vindictiveness, the burden shifts to the government to justify its conduct by presenting objective evidence. Id. at 314–15.

In Goodwin, the Supreme Court of the United States "declined to impose a presumption of vindictiveness to a prosecutor's pretrial decision to add charges to an indictment after a defendant failed to plead guilty to the original charges as anticipated." Wilson, 262 F.3d at 318 (citing Goodwin, 457 U.S. at 383). Unlike a decision to charge a defendant before a trial begins, "a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision." Wilson, 262 F.3d at 319 (quoting Goodwin, 457 U.S. at 381). The Court in Goodwin stated that "a defendant before trial is expected to invoke procedural rights that inevitably impose some 'burden' on the prosecutor. Defense counsel routinely file pretrial motions to suppress evidence; to challenge the sufficiency and form of an indictment; to plead an affirmative defense; to request psychiatric services; to obtain access to government files; to be tried by jury." Goodwin, 457 U.S. at 381. The Court noted that it "is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter." Id.

4

In <u>United States v. LaDeau</u>, the Sixth Circuit addressed the question of whether there existed a presumption of vindictiveness when the Government filed a superseding indictment after the court granted the defendant's motion to suppress evidence. 734 F.3d 561, 564 (6th Cir. 2013). The Sixth Circuit stressed that the superseding indictment "subjected [the defendant] to a five-to-twenty-year prison term instead of the previously applicable statutory range of zero to ten years." <u>Id.</u> Noting that "the only substantive occurrence between the two indictments was [the defendant's] successful suppression motion" and that "the burden [the defendant's] successful suppression motion placed upon the government was significant," the Sixth Circuit upheld the district court's finding of a presumption of vindictiveness. <u>Id.</u> at 568–69. The Sixth Circuit wrote that the motion at issue "was neither routine nor typical: [the defendant] succeeded in suppressing crucial evidence and thereby eviscerated the government's possession case." <u>Id.</u> at 569. The court noted that "the increased charge here did not stem from the plea bargaining process." <u>Id.</u>

Conversely, in <u>United States v. Suarez</u>, the Sixth Circuit held that a defendant's mere intent to file pretrial suppression and dismissal motions was insufficient to support a claim of prosecutorial vindictiveness. 263 F.3d 468, 482 (6th Cir. 2001). The court found that the defendant could not "show the prosecution had any particular 'stake' in preventing the assertion of these rights," because the motions "were not particularly exceptional in the course of the trial." <u>Id.</u> at 479–80.

<u>United States v. Garza-Juarez</u> addresses the situation in between <u>LaDeau</u> and <u>Suarez</u>. 992 F.2d 896 (9th Cir. 1993). In <u>Garza-Juarez</u>, the Ninth Circuit faced a situation in which the Government filed a superseding indictment after the defendant filed pretrial motions but before the Court had decided those motions. 992 F.2d at 901–02. Although recognizing that

"[a]dequate consideration must be given to the give-and-take negotiation common in plea bargaining between the prosecutor and defense," the Ninth Circuit held that because the "government counsel told [the defendant's] counsel that the package deal would be withdrawn if [the defendant] proceeded with his motion to dismiss," the defendant had made the initial showing that gave rise to a presumption of vindictiveness. Id. at 906 (citing Bordenkircher, 434 U.S. at 362) (internal quotations omitted).  However, the Ninth Circuit held that the government successfully rebutted the presumption because had the defendant "dropped his motion to dismiss and also rejected the plea bargain, the government still might have sought the additional charges under these terms." Id. at 907.  The court thus concluded that "the additional charges were not linked exclusively to the motion to dismiss." Id.  In contrast, in United States v. Valles, the Ninth Circuit held that when the prosecutor "did not request that the motions be withdrawn, but only established the hearing on those motions as the deadline to accept the plea bargain," and when the defendant's "counsel chose to withdraw the motions to give his client time to consider his options," "there is not realistic or reasonable likelihood that the threat or actual filing of the [enhanced charges] was intended as punishment for filing the [pretrial] motions."  914 F.2d 265, at *5 (9th Cir. 1990) (unpublished).

### III.   Analysis

The Court **FINDS** that Defendant has not alleged facts sufficient to support a presumption of vindictiveness.  Even if Defendant had established such a presumption, the Court **FINDS** that the Government successfully rebutted any such presumption.

The Government's actions here do not give rise to a presumption of vindictiveness.  Such a presumption is rarely employed in the pretrial context, see Wilson, 262 F.3d at 315, and it should not be applied to the Government's decision to issue a superseding indictment due to a

failure of plea negotiations, Goodwin, 457 U.S. at 383.  Unlike in LaDeau, 734 F.3d at 569, it seems clear that the increased charge derived from the plea bargaining process and not from Defendant's pretrial motions. Indeed, unlike the prosecutor in Garza-Juarez, 992 F.2d at 907, the Government here did not explicitly condition Defendant's plea on his withdrawing his pending motion. Instead, the Government merely rejected Defendant's counteroffer to enter a conditional plea without withdrawing his First Motion to Suppress. The Government's conduct in this case thus does not raise the same concerns present in Garza-Juarez, 992 F.2d at 907. Nor does the Government's behavior here concern the same issues present in LaDeau, 734 F.3d at 564, because the Court had not yet ruled on Defendant's pending motions when the Government sought to supersede the indictment.  Even though the NIT Warrant has faced numerous challenges around the country, courts have resolved the challenges differently. See United States v. Michaud, No. 3:14-cr-05351, 2016 WL 337263 (W.D. Wash. Jan. 28, 2016); United States v. Stamper, No. 1:15-cr-109, ECF No. 48 (S.D. Ohio Feb. 19, 2016); United States v. Levin, No. 15-10271, 2016 WL 2596010 (D. Mass. Apr. 20, 2016); United States v. Arterbury, No. 15-cr-182, ECF No. 47 (N.D. Okla. Apr. 25, 2016) (adopting the report and recommendation of a magistrate judge, ECF No. 42); United States v. Werdene, No. 2:15-cr-00434, ECF No. 33 (E.D. Pa. May 18, 2016); United States v. Epich, No. 15-cr-163, 2016 WL 953269 (E.D. Wis. Mar. 14, 2016). Thus, neither side could be sure how this Court would decide Defendant's First Motion at the time the Government obtained the superseding indictment. Thus, unlike in LaDeau, id. at 569, Defendant had not succeeded in suppressing crucial evidence, though he had, in fact, challenged it. It appears to the Court that the Government made an offer, Defendant rejected that offer and made a counteroffer, and, ultimately, the parties failed to reach an agreement. After the parties failed to reach an agreement, the Government obtained a superseding indictment.  It

appears to the Court that the Government's decision to enhance the charges resulted from the parties' inability to reach a plea deal. The circumstances here simply do not "pose a realistic likelihood of vindictiveness." Perry, 417 U.S. at 27.

It should be noted that even if the Court considered Defendant's First Motion exceptional, and even if Defendant had shown that a presumption of vindictiveness should apply to all cases in which the government refuses to accept a defendant's counteroffer to plead guilty to all counts of an indictment yet maintain an exceptional pretrial motion, the Government has rebutted the presumption by showing that the additional charges were not exclusively linked to the First Motion to Suppress here. As in Garza-Juarez, had Defendant here "dropped his motion to [suppress] and also rejected the plea bargain, the government still might have sought the additional charges under these terms." 992 F.2d at 907. Indeed, the Government's original offer – made before Defendant filed his motions – proves as much. Additionally, the Government here waited until Defendant rejected the plea offer before filing the superseding indictment; it did not wait until the Court ruled on Defendant's pending motions, and it did not file the superseding indictment without engaging in lengthy plea discussions with Defendant both before and after he filed his pretrial motions. Therefore, even if the Court applies a presumption of vindictiveness, the Government has rebutted it.

8

## IV.    Conclusion

Thus, for the reasons stated above, Defendant's Motion to Dismiss Counts 5–8 of the

Superseding Indictment, Doc. 35, is **DENIED**.

The Clerk is **DIRECTED** to deliver a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/

Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June ___, 2016

9